UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAMARA SMITH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:06-00829 |
| ) | JUDGE HAYNES |
| ) | |
| THE CHEESECAKE FACTORY ) | |
| RESTAURANTS, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiffs, Camara Smith, Annie Underwood, Stephanie Coleman-Smith, Carly Taylor, Antawyone Owens, Seth Hines, Clare Law, Jennifer Ruffin, Erick Ruffin, Jolene Hostal, Misty Neal, Stephanie Yoakum, David Peltz, Mary Caruso, and Naomi Greenberg filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Title VII of the Civil Rights Act of 1964, on behalf of themselves and all others similarly situated, against the Defendants: The Cheesecake Factory Restaurants, Inc. ("CFRI"), The Cheesecake Factory Incorporated ("TCF"), David Overton, Peter J. D'Amelio, and Jennifer G. Bispo.

In earlier proceedings, the Court entered its Memorandum and Order (Docket Entry Nos. 106 and 107), dismissing Plaintiffs' claims against TCF, Overton, D'Amelio, and Bispo and ordering Plaintiffs to arbitrate their disputes with CFRI. In compelling arbitration, the Court cited the arbitration agreement set forth in the "Handbook Receipt & Confidentiality Agreement." (Docket Entry No. 106, Memorandum at 7). The relevant language there states:

> I recognize that differences may arise between me and the Company during, or following, my employment with the Company. I agree to participate in impartial dispute-resolution proceedings as a condition of and as consideration for the offer of employment by the Company. If I, or the Company, determine that the Company's internal procedures for handling claims (including but not limited to, reporting claims to my manager, the Area Director of Operations, the CARELINE, and/or the Staff Relations Department), have not resulted in a mutually acceptable resolution of disputes between me and the Company, I agree to participate in arbitration proceedings.

Id. In making its determination, the Court did not rely on Jennifer Bispo's Declaration (Docket Entry No. 25). Id.

Before the Court is Defendant's motion for court appointed arbitrators (Docket Entry No. 108), under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and requesting appointment of separate arbitrators for each of the thirteen individual Plaintiffs' claims.[1] Defendant responds that the parties' arbitration agreement does not permit class or collective action relating to the individual Plaintiffs' claims. In reply, Plaintiffs seek the Court to designate Judicial Arbitration and Mediation Services, Inc. ("JAMS") to appoint an arbitrator to conduct arbitration in conformance with JAMS Employment Arbitration Rules and Procedures and JAMS Class Action Procedures.

Following the Court's order compelling arbitration, the parties engaged in communications as to how arbitration would proceed. Defendants argued that the rules set forth in Bispo's Declaration were the appropriate rules to follow. Plaintiffs disagreed. Bispo's Declaration states, in relevant part, that:

> [I]f the agreement were to be enforced, the following rules and terms would apply:
>
> a. The arbitration would be conducted by a neutral arbitrator licensed to practice law in the state in which the employee worked for CFI when the dispute arose. The

---

[1] Carly Taylor and Naomi Greenberg did not file a single demand for arbitration with JAMS in California.

2

arbitrator would be selected by the parties from a list of retired judges provided by JAMS or similar resolution service.

b. The arbitration would occur in the county and state in which the dispute arose.

c. The arbitrator would apply the substantive law of the state in which the claim arose or federal law, as applicable.

* * *

f. Either party could file a motion to dismiss, motion for summary judgment or other appropriate motion and such motions would be decided in accordance with the Federal Rules of Civil Procedure.

* * *

j. CFI would be solely responsible for the fees and costs of the arbitrator.

(Docket Entry No. 25, Bispo Declaration at ¶ 7).

On or about April 19, 2010, Plaintiffs filed a single demand for arbitration with the JAMS arbitration service in Los Angeles, California. (Docket Entry No. 109, Exhibit A at 1). Plaintiffs requested that JAMS permit them to arbitrate on behalf of a class and to set the arbitration hearing in Los Angeles, California, near Defendant's corporate headquarters. Defendants did not object to arbitrations through JAMS as long as the rules set forth in Bispo's Declaration were followed, including the rules on the proper locations for the arbitrations. JAMS assigned a hearing officer to resolve this dispute.

The JAMS hearing officer concluded that Plaintiffs agreed to some, but not all of the provisions in Bispo's Declaration. (Docket Entry No. 109, Exhibit A at p.5). For instance, Plaintiffs agreed that ¶7f. would apply, but that ¶7b. would not. Id. at p.6. The hearing officer noted Defendant's contention that while Defendant did not agree to the JAMS forum in Bispo's Declaration, to the extent it did, such an agreement was in contemplation of the adoption of all the provisions in Bispo's Declaration. Id. at pp. 5-6. The hearing officer recommended the following:

> JAMS should dismiss these cases as there is no agreement to arbitrate with JAMS. Although there is a superficial common thread in the parties' respective positions, seemingly agreeing to the JAMS forum, in the end there is no such agreement because each side conditions its view of the purported agreement on its own materially different condition as to which rules apply.

Id. at p.7. On July 8, 2010, the NAC adopted the report and recommendation and refused acceptance of Plaintiff's demand for arbitration "absent a court order or agreement of the parties." (Docket Entry No. 110, Exhibit K).

Under the FAA, if an arbitration agreement does not provide a method for appointing an arbitrator or arbitrators "then upon the application of either party . . . the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require." 9 U.S.C. § 5. Plaintiffs contend that the Court should designate JAMS to facilitate the selection of one arbitrator to Plaintiffs' entire action so that the arbitrator can decide whether class arbitration is permitted under the arbitration agreement. The Court concludes that Plaintiffs' contention is without merit.

Section 5 of the FAA expressly states that the Court shall designate the arbitrator, not for the Court to appoint a mediation service to then designate the arbitrator. JAMS decided that there was not any agreement between the parties to arbitrate before JAMS. In a recent opinion, the Supreme Court held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." Stolt-Nielsen S.A. v. AnimalFeeds International Corp., _ U.S. _, 130 S.Ct. 1758, 1775 (2010). This issue as to whether the parties agreed to class arbitration is to be resolved by the arbitrator. See Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452-53 (2003) (plurality opinion).

There is not any dispute that none of the Plaintiffs worked in California nor any claims asserted arose in California. Therefore, the Court concludes that there is not a reasonable basis to

proceed with arbitration in California. The Court concludes that each arbitration should occur in the county and state in which the individual Plaintiff worked for CFRI with an arbitrator licensed to practice law in that state. Such an arbitration serves the interests of all parties, as it provides convenience to the individual Plaintiffs to participate in the arbitration proceedings and ensures that both parties have appropriate access to witnesses and documents that will likely be located nearby.

Plaintiffs have not submitted any alternatives to arbitration outside of using JAMS in California. Defendants have proposed that each party exchange lists of arbitrators acceptable to them and submit a list of up to three names of potential arbitrators for each individual Plaintiffs' claims. Each side would have the right to strike up to two names per Plaintiff, and the parties would have a brief period of time to agree to the arbitrator to be appointed from each list of remaining arbitrators. The parties would notify the Court as to the their agreement on the arbitrator as to the individual Plaintiffs' claims, and the Court would then appoint that arbitrator. For any individual Plaintiffs' claims upon which the parties cannot agree, the parties would submit the names of the remaining arbitrators (after the striking opportunity) to the Court and the Court would then appoint the arbitrator for that individual Plaintiffs' claims. The Court concludes that this proposal is reasonable.

Accordingly, for these reasons, the Court concludes that Defendant's motion to have Court appoint arbitrators (Docket Entry No. 108) should be granted consistent with this Memorandum.

An appropriate Order is filed herewith.

**ENTERED** this the 16th day of November, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge