IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAMARA SMITH, et al.,

    Plaintiffs,

v.

Case No. 3:06-cv-00829
Judge Haynes

THE CHEESECAKE FACTORY
RESTAURANTS, INC.,

    Defendant.

[handwritten annotation: GRANTED. Consistent with the parties' joint motion (D/E No. 191) this action is STAYED without prejudice to renew if the settlement is not finalized. Movant's motion is incorporated by reference in motion papers. It is so ORDERED. W/S/W/W/ ___]

MOTION FOR PARTIAL RECONSIDERATION OF ORDER REFERRING CASE TO
ARBITRATION BASED ON INTERVENING CHANGE IN LAW OR, IN THE
ALTERNATIVE, MOTION TO VACATE INTERIM AWARD VIII OF ARBITRATOR
IRWIN VENICK

Introduction

On November 5, 2013, the Sixth Circuit Court of Appeals decided *Reed Elsevier v. Crockett*, 734 F.3d 594 (6th Cir. 2013). *Crockett* held definitively that courts, not arbitrators, must decide whether an arbitration agreement that does not expressly waive the right of a claimant to proceed on a class basis nevertheless allows for it. *Id.* at 599. *Crockett* reversed prior Middle District of Tennessee authority to the contrary, and rejected the reading of earlier Supreme Court precedent upon which this Court based its 2010 decision to allow the arbitrators to decide the question of whether the parties' arbitration agreement permits class adjudication. [*See* Memorandum, Doc. 124 at p. 4 ("This issue as to whether the parties agreed to class arbitration is to be resolved by the arbitrator. See Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452-45 (2003) (plurality opinion)")]. Consequently, the law in this Circuit now requires the Court, not the arbitrator, to determine whether an arbitration agreement provides for class arbitration.

1